# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **VENIS TISDALE,** | ) | **CASE NO. 1:19CV2530** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CITY OF MENTOR OHIO, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint and Amended Complaint of Plaintiff Venis Tisdale ("Plaintiff" or "Tisdale") against defendants City of Mentor and the Mentor Police Department (collectively "Defendants"). (ECF DKT #1, 4[1]). Plaintiff claims that he was falsely arrested by Defendants in connection with Mentor Municipal Court Case No. CRB 18012081 (the "State Case"). (ECF DKT #1 at 1).

Also before the Court is Plaintiff's Motion to proceed with this action *in forma pauperis*, and that motion is granted. (ECF DKT #3).

For the reasons that follow, this action is dismissed.

## I. BACKGROUND

Plaintiff's allegations and claims in his rambling Complaint are difficult to discern. Tisdale states that he was falsely arrested and charged by Mentor Police Officer Mazany in April 2018 "for no rightful reason" and who can no longer testify in the State Case as Officer Mazany

---

[1] Before filing his Amended Complaint, Plaintiff also filed a supplement to the Complaint. (*See* ECF DKT #2).

is deceased. Plaintiff also alleges that the judge in the State Case is biased against him and his attorney, Douglas Merrill, has not fairly represented him. Plaintiff claims that he has been "pressured" by the Mentor Municipal Court which has caused him to suffer from at least two strokes and three seizures. In addition, Plaintiff alleges that he is unable to access documents in the State Case file. (*See* ECF DKT #1 at 1-4).

Plaintiff claims that his counsel has been ineffective and Defendants have violated his civil rights. (ECF DKT #1 at 4). For relief, Plaintiff asks this Court "to take the [State] Case" so that it may be considered "without bias and perjury" and to cause "them to stop going any further with the [State Case] because I have done nothing to no one and there isn't any case they have against me." (*Id.*).

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive scrutiny under § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief. *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013).

Pleadings and documents filed by *pro se* litigants are "liberally construed" and held to a less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, *pro se* plaintiffs must still satisfy basic pleading requirements and the Court is not required to conjure allegations or claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (citations omitted).

**B. The *Younger* Doctrine**

Plaintiff asks this Court to directly intervene in the State Case, but the Court cannot provide Plaintiff with the relief he seeks. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court must abstain from interfering in state court proceedings if: "(1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions." *Lenard v. City of Cleveland*, Case No. 1:17 CV 440, 2017 WL 2832903 at *4 (N.D. Ohio June 30, 2017) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Taking Plaintiff's allegations in the Complaint as true and considering the relief Plaintiff seeks, the first factor in the *Younger* abstention analysis – an ongoing state proceeding – is satisfied. *See Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986) ("[T]he proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed."). With respect to the second factor, a state has an important interest in "enforcing [its] laws against socially harmful conduct that the State believed in good faith to be punishable under its laws and the Constitution." *Younger*, 401 U.S. at 52. As to the third factor, "[a]bstention is appropriate unless the state law *clearly bars* the interposition of the constitutional claims[,]" and it is Plaintiff's burden to show that he is clearly barred from

3

presenting his constitutional claims. *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 334 (6th Cir. 2007) (emphasis in original) (internal quotation marks and citations omitted). Plaintiff does not allege that he is barred from presenting his constitutional claims in the state proceedings. Moreover, there are no allegations in the Complaint from which the Court may reasonably infer that any of the narrowly construed exceptions to *Younger* abstention are applicable here. *See Huth v. Hubble*, No. 5:14-CV-1215, 2015 WL 966307, at *6-7 (N.D. Ohio Mar. 4, 2015) (citations omitted).

All of the requirements for *Younger* abstention are satisfied here, and the Court must abstain from interfering in the State Case.

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to § 1915(e)(2)(B). Plaintiff's motion to proceed *in forma pauperis* is granted. (ECF DKT #3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

             s/Christopher A. Boyko
             **CHRISTOPHER A. BOYKO**
             **Senior United States District Judge**

**Dated: February 28, 2020**